We move to the ninth case this morning, Acosta v. DT & C Global Management. Mr. Brey? Thank you. May it please the court, counsel, again, Kevin Brey for the appellants. This case is before you on appeal of denial of two federal Rule 60B motions that were brought. There's two cases that are consolidated and they follow very similar tracks in the trial court. I would want to point out that there are different defendants in each case. In the DOL case, there's the corporate defendant and also two individual defendants who were principals of the corporate defendant. In the other case, there's just one defendant, Mr. Jansen. And I know the court's familiar with the facts, but I did want to point out the major factors which the appellants are relying upon. This was not a default judgment in the sense that the defendants never appeared, ignored their obligations entirely, and found out there was a judgment against them and decided to go and try to get it vacated after it had been entered. In this case, the defendants did appear, retain counsel. According to Mr. Jansen, paid tens of thousands of dollars to have their interests represented in the case. The case did proceed on the pleading stage and into some limited discovery. Apparently, there was a breakdown in the relationship between counsel and the defendants. As the affidavits set forth, it was one of the defendants, Mr. Jansen, who was responsible for trying to coordinate the litigation. But that defendant made some mistakes and may have neglected the case. And I guess the issues are, why did that occur? And does it excuse things to the extent that vacature would be proper? There were some significant health issues. It was numerous different health issues. There was prior back surgery, but that had been years before. There was major heart surgery that this individual had late in 2014. And this is a 2014 and 2015 case we're talking about. Individual was on numerous medications. The ultimate fact and the ultimate point that's asserted and not contradicted is that these numerous health issues that he had, including some neurological problems, which developed apparently, they interfered with his ability to properly and fully, I should say, participate in the case. Another salient fact, it's also uncontradicted, is that these defendants did not receive notice of the judgment until several months later. They didn't receive the mailed notice because they were not residing in state. The e-mail had been transferred to a different address. These are in the affidavits. And when they did receive any kind of notice with respect to one of the cases. Did they change their address with the court? Pardon? Did they change their address with the court? The defendants did not, but the last known address that the council had provided was no longer the address of the defendant at the time. Right. So it's the defendant's fault. It's not the court's fault or the plaintiff's fault. I would say that it was defendant's fault. Was at fault. Right. Made a mistake perhaps. You can't offer that as an excuse for inattention to the litigation. The notice wasn't received. Notice wasn't received because they were inattentive to litigation and failed to keep the court apprised. Unless maybe there's some excuse for that inattention and that mistake. And that's what we're trying to put forth here. Well, the court said there wasn't, that these medical excuses did not suffice, that this was just inattentiveness to the litigation over an extended period of time. If we look at these, Your Honor, one, if we look at each asserted reason in isolation, I would agree that it's not sufficient. But it wasn't just that kind of inattentiveness. He also tried and did, in fact, retain new counsel to investigate and appear in the case and handle his interests. Now, that new counsel was not followed up with, apparently. But that new counsel passed away. And that, again, is uncontradicted. That's not going to help you here if there was no communication with the court. What he was doing to try to retain a new attorney many months after the fact doesn't really matter if he wasn't communicating with the court. But it wasn't after the fact. It was before the judgments that he had retained the new counsel. And then he found out several months after that the attorney had passed away. Again, if it was just that, I would say no. I guess what I'm trying to rely on here, and I realize it's a difficult challenge, but is the idea that these numerous things occurred with respect to this case. And taken together, although we would criticize some of the different manners in which the defendants did or did not proceed, there's a reason for this. And, again, there was no trial on the merits. We're sensitive, of course, to the fact that there does need to be rules that provide for the end to litigation. But also, you want there to be justice. And in these cases, they really didn't get litigated. They didn't get negotiated. And they were in negotiation. And so really, again, with respect to Co-Defendant Lynch and one of the other cases, he was blameless because he was relying on the principle of the company to handle these things, and he never got notice. He says in his thing, they didn't yet notice that there were judgments against them personally, frankly, until they met with myself and another attorney in the summer of the next year. And then it did take us two or three months to get the motions on file. But, again, there were reasons for that if you look at the situation here. So I don't condone litigants ignoring their responsibilities in litigation. But different litigants have different ways of going about it. And perhaps this litigant was more laissez-faire, leaving it to the attorneys, than should have been. But that, in and of itself, we don't think should defeat their ability to get a hearing on the merits. Unless there's any other questions, I'll reserve. Thank you. Thank you. May it please the court, I'm Sarah Conrath, representing the Secretary of Labor. The district court in this case acted within its considerable discretion when it denied the defendant employer's motion to vacate the default judgment. One, they didn't have good cause for the default. Two, they didn't act quickly to remedy the default. And three, they didn't present a meritorious defense to the claims against them.